**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GLITCH PRODUCTIONS PTY LTD, | |
| Plaintiff, | Case No. 25-cv-02599 |
| v. | **Judge Mary M. Rowland** |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Keri L. Holleb Hotaling** |
| Defendants. | |

**PLAINTIFF'S OPPOSED[1] MOTION TO STRIKE THE AFFIRMATIVE DEFENSES IN DEFENDANT PLUSHSHOP'S ANSWER TO THE COMPLAINT**

Plaintiff Glitch Productions Pty Ltd ("Plaintiff" or "Glitch") moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(f), to strike the affirmative defenses in Defendant PLUSHSHOP's ("Defendant") Answer [34] ("Answer").[2]

**INTRODUCTION**

Defendant filed its Answer on May 14, 2025. The Answer included ten bare bones affirmative defenses: (1) Failure to State a Claim; (2) Lack of Willfulness; (3) First Sale Doctrine; (4) Fair Use; (5) Lack of Personal Jurisdiction; (6) Innocent Infringement; (7) No Likelihood of Confusion; (8) De Minimis; (9) Equitable Doctrines; and (10) No Damages.

---

[1] The undersigned had a phone call with Defendant's counsel, Tina Jin, on May 21 to discuss the deficiencies in the Answer. On June 3, 2025, the undersigned e-mailed Attorney Jin to inquire as to whether Defendant would be amending its Answer to cure the deficiencies in the affirmative defenses, and as to whether Defendant opposed the relief sought herein. Attorney Jin responded on June 3 and said Defendant had no intention to amend its Answer but failed to indicate whether Defendant opposed the relief sought herein.

[2] The Answer is signed by "Zhan 'Tina' Jin". However, a review of the docket shows that no formal appearance for Ms. Jin has been filed. The undersigned raised this issue with Ms. Jin and Defendant's other attorney, Zheng "Andy" Liu, on May 22 but no response has been received clarifying if Ms. Jin will be formally appearing in this matter.

Defendant's First Defense must be stricken because it is not a legitimate affirmative defense. Defendant also pleads affirmative defenses that recite denials found in the Answer. All the affirmative defenses fail to plead specific facts in support of the defenses raised, and/or ignore the required elements of the defenses. Accordingly, Glitch respectfully requests that this Court strike all the affirmative defenses.

## LEGAL STANDARD

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While "[m]otions to strike are generally disfavored because of the likelihood that they may only serve to delay proceedings," courts of this Circuit also hold that "when striking portions of a pleading 'remove[s] unnecessary clutter from the case,' the motion may 'serve to expedite, not delay.'" *Naylor v. Streamwood Behavioral Health Sys.*, No. 11 C 50375, 2012 WL 5499441, at *7 (N.D. Ill. Nov. 13, 2012) (*quoting Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Affirmative defenses are held to the pleading standards set forth in Fed. R. Civ. P. 8(a) and are subject to a motion to strike under Rule 12(f) when they are "nothing but bare bones conclusory allegations" that fail "to allege the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1295. To survive a Rule 12(f) motion, affirmative defenses need to satisfy the following three-part test: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000).

Affirmative defenses "must include either direct or inferential allegations as to all elements of the defense asserted." *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006). When affirmative defenses "omit[] any short and plain statement of facts and

fail[] totally to allege the necessary elements of the alleged claims," they are properly stricken. *Heller*, 883 F.2d at 1295. Additionally, "courts should strike affirmative defenses that are clearly mistitled or redundant, for example if they raise matters already raised in the defendant's denial." *Renalds*, 119 F. Supp. 2d at 802.

## <u>ARGUMENT</u>

I.     **DEFENDANT'S FIRST AFFIRMATIVE DEFENSE, FAILURE TO STATE A CLAIM, SHOULD BE STRICKEN BECAUSE IT IS NOT A LEGITIMATE AFFIRMATIVE DEFENSE.**

Whether "failure to state a claim" can be properly asserted as an affirmative defense is not settled within the Seventh Circuit. *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 785 (N.D. Ill. 2018); *compare, e.g., Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC*, No. 08 C 363, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009) (striking "failure to state a claim" affirmative defense as improper) with *LaSalle Bank Nat'l Assoc. v. Paramount Properties*, 588 F.Supp.2d 840, 860 (N.D. Ill. 2008) ("failure to state a claim" can be a properly asserted affirmative defense).

Glitch urges the Court to follow the ruling in *Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC* and find that Defendant must file a 12(b)(6) motion to assert that Glitchf has failed to state a claim. *See Cozzi v. United of Omaha Life Ins. Co.*, 2021 WL 1165090, at *3 (N.D. Ill. Mar. 26, 2021) (Blakey, J.) (following *Illinois Wholesale Cash Register, Inc.* and striking "failure to state a claim" affirmative defense); *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1041 (N.D. Ill. 2014) (Lee, J.) (same).[3] If Defendant wishes to allege that Glitchf has failed to state a claim, then it can and should do so only through a Rule l2(b)(6) motion.

---

[3] Judge Jenkins also recently struck a "failure to state a claim" affirmative defense in a Schedule A case. *Yiwu Baimei Electronic Commerce Co., Ltd. v. The P'Ships, et al.*, Case No. 24-cv-08704 (N.D. Ill. May 7, 2025) ("failure to state a claim is not an affirmative defense"). A copy of the Order, and all other unpublished opinions cited herein, are attached as **<u>Exhibit 1</u>**.

## II.     DEFENDANT'S AFFIRMATIVE DEFENSES ALREADY ASSERTED IN ITS ANSWER AS DENIALS SHOULD BE STRICKEN.

In general, an affirmative defense asserts that, even if the allegations of the complaint are true, additional facts excuse the defendant from some or all liability. *Green v. Kubota Tractor Corp.*, No. 09-cv-7290, 2012 WL 1416465, at *1 (N.D. Ill. Apr. 24, 2012). Additionally, an affirmative defense cannot merely repeat a defendant's denial of allegations contained in the complaint. *Sarkis' Cafe, Inc.*, 55 F. Supp. 3d at 1041 (N.D. Ill., 2014) (internal citations omitted). Defendant's affirmative defenses below simply recycle denials already found in Defendant's Answer and should be stricken accordingly.

### a.  Defendant's Second and Sixth Defenses: Lack of Willfulness and Innocent Infringement

Defendant alleges it "did not knowingly or intentionally engage in any infringing activity." [34] at p. 40. Defendant also alleges that "any copyright infringement…, if it occurred at all, was innocent and without knowledge that the material was copyrighted or that its use was unauthorized." *Id.* at pp. 40-41.

Defendant's Second and Sixth Defenses are recycled assertions from its Answer. *See id.* at ¶¶ 35, 40, 41, 47, and 56. While Defendant's Second and Sixth Defenses should be stricken on that basis alone, it is also Glitch "who bears the burden of proof as to Defendant's alleged lack of good faith or willful infringement." *Sarkis' Cafe, Inc.*, 55 F.Supp.3d at 1042 (internal citation omitted) (striking good faith affirmative defense with prejudice). As such, Defendant's Second and Sixth Defenses should be stricken.

### b.  Defendant's Fifth Defense: Lack of Personal Jurisdiction

Defendant alleges "[t]his Court lacks personal jurisdiction over [Defendant] because [it] is not domiciled in Illinois, has no physical presence in Illinois, and does not purposefully direct business activities toward residents of Illinois sufficient to support the exercise of specific or

4

general jurisdiction." *See* [34] at p. 40. Defendant already denied that this Court has personal jurisdiction over it in its Answer. *See id.* at ¶ 2 (Defendant denying personal jurisdiction is proper and that it targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers; offers shipping to the United States, including Illinois; accepts payment in U.S. dollars; and, on information and belief, sells products using infringing and counterfeit versions of Glitch's federally registered trademarks and/or unauthorized copies of Glitch's federally registered copyrighted works to residents of Illinois). As such, Defendant's Fifth Defense should be stricken.

### c. Defendant's Seventh Defense: No Likelihood of Confusion

Defendant alleges that "Plaintiff cannot establish that any of [Defendant's] conduct has caused or is likely to cause confusion, mistake, or deception among consumers regarding the affiliation, sponsorship, or origin of the goods offered." *Id.* at p. 41. Defendant already denied that its promotion, marketing, offering for sale and/or sale of its products has created, and is creating, a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Glitch or the origin, sponsorship, or approval of Defendant's products by Glitch. *See id.* at ¶ 45. As such, Defendant's Seventh Defense should be stricken.

### d. Defendant's Tenth Defense: No Damages

Defendant alleges that "Plaintiff has not suffered any actual harm, financial loss, or irreparable injury as a result of any act or omission by [Defendant]. Any alleged injury is speculative, not traceable to [Defendant], or was caused by third parties not under [Defendant]'s control." *Id.* at p. 41. Defendant already denied that Glitch is entitled to relief against Defendant in its Answer, so Defendant's Tenth Defense repeats a denial in its Answer and should be stricken on that basis alone. *See id.* at pp. 37-39. *See also Weifang Tengyi Jewelry Trading Co. Ltd. v. Intuii LLC*, 2019 WL 3889626, at *6 (N.D. Ill., 2019) (citing *Delson v. Barron Egg Shop of MontClair*,

2013 WL 12411137, at *3 (N.D. Cal. Apr. 22, 2013) ("[A] lack of actual damages, negates an element of plaintiff's claim and is therefore a negative, not affirmative, defense that must be stricken.")). Based on the above, Defendant's Tenth Defense should be stricken.

### III.    CERTAIN OF DEFENDANT'S AFFIRMATIVE DEFENSES FAIL TO ALLEGE FACTS SATISFYING THE REQUIRED ELEMENTS OF THE DEFENSE AND SHOULD BE STRICKEN.

Without factual allegations to support their legal conclusions, several of Defendant's Affirmative Defenses fail and should be stricken for failing to meet the pleading standard of Fed. R. Civ. P. 8(a). Courts have previously stricken bare claims. *See e.g., Heller Financial, Inc.*, 883 F.2d at 1294 ("[Defendant] omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims."); *Bernfeld v. U.S. Airways Inc.*, 2015 WL 2448275, at *3 (N.D. Ill., 2015) ("[These affirmative defenses] are bare bones recitals of defenses without adequate factual enhancement and therefore are inadequately plead under Rule 8. . .").

### a.    Defendant's Third Defense: First Sale Doctrine

Defendant's alleges that "[t]o the extent [Defendant] sold any genuine products bearing Glitch's marks, those sales are protected under the First Sale Doctrine, which permits the resale of genuine trademarked products without liability for trademark infringement." [34] at p. 40. Defendant's Third Defense only alleges that Glitch's claims are barred by the first sale doctrine, without addressing the relevant elements or providing any factual allegations supporting how the first sale doctrine applies to Defendant's conduct. *See Luxottica Group S.P.A. v. Cash America East, Inc.*, 198 F. Supp. 3d 1327, 1330 (M.D. Fla., 2016) (striking bare bones first sale doctrine affirmative defense, giving the defendant "leave to re-plead the defense, if it can do so consistent with Rule 11"). Because Defendant's Third Defense is absent of any facts showing how Defendant's products were initially obtained lawfully, it should be stricken.

### b.  Defendant's Fourth Defense: Fair Use

Defendant alleges that "[t]o the extent Plaintiff's marks or works were used descriptively, nominatively, or for comparative purposes, such use constitutes fair use under federal trademark and copyright law and does not amount to actionable infringement." [34] at p. 40.

To raise the fair use defense successfully in the trademark infringement context, Defendant must show that (1) it did not use Glitch's mark as a trademark, (2) its use is descriptive of its goods, and (3) it used the mark fairly and in good faith. *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019); 15 U.S.C. § 1115(b). To successfully raise a fair use defense regarding its copyright infringement, Defendant must address the factors outlined in 17 U.S.C. § 107, including "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work."

Defendant fails to allege any facts in support of its bare bones fair use defense. Indeed, the Answer is devoid of any of the elements outlined above and fails to distinguish whether Defendant is asserting fair use for its trademark infringement and counterfeiting, or copyright infringement. This type of deficient pleading results in Glitch, and the Court, being unable to analyze Defendant's Fourth Defense. Thus, Defendant's Fourth Defense should be stricken.

### c.  Defendant's Eighth Defense: De Minimis

Defendant alleges that "[e]ven if [Defendant's] conduct involved any use of Plaintiff's intellectual property, such use was so minimal, trivial, or limited, in scope that it does not rise to the level of actionable infringement under the applicable standards." [34] at p. 41. Again, the Answer is devoid of any specificity regarding whether Defendant is asserting its Eighth Defense

as to its trademark or copyright infringement. For the purposes of this motion, Glitch is presuming Defendant intended to assert its copyright infringement was *de minimis*.

"Whether the Seventh Circuit recognizes [the de minimis] defense to copyright infringement claims is an open question." *Alexander v. Take-Two Interactive Software, Inc.*, 489 F.Supp.3d 812, 823 (S.D. Ill., 2020). While the defense is recognized in other circuits, the defense "protects a defendant from liability for technical copyright violations if the copying is 'so trivial as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying.'" *Id.* (citing *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 77 (2d Cir. 1997). In essence, Defendant's Eighth Defense is a recycled denial of Glitch's claim for copyright infringement. *See id.* ("Given the overlap between the defense and actionable copying … the Court doubts the defense is viable generally").

Defendant's Eighth Defense should be stricken because the Defense is devoid of any facts required to substantiate the Defense. Indeed, the defense "has been successfully invoked to allow copying of a small and usually insignificant portion of the copyrighted works, not the wholesale copying of works in their entirety as occurred here." *Id. See also* [38-2] (showing Defendant offering and selling product that was an unauthorized copy of Glitch's copyrighted Uzi character (VA0002392952)).

### d.  Defendant's Ninth Defense: Equitable Doctrines

Defendant's Ninth Defense asserts that "Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, and/or unclean hands, including but not limited to Plaintiff's delay in enforcing its rights and/or conduct contributing to consumer confusion." [34] at p. 41. The Defense does not specify which of the four equitable defenses Defendant is asserting and fails to address any of the elements required for any of the equitable defenses. *See CIC Plus, Inc. v. Dexheimer*, 2022 WL 17071146, at *3 (N.D. Ill., 2022) (quoting *R*

*& B Kapital Dev., LLC v. North Shore Cmty. Bank & Trust Co.*, 832 N.E.2d 246, 255 (Ill. Ct. App., 2005)) (explaining requirements for waiver defense); *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792-93 (7th Cir., 2002) (explaining requirements for laches defense); *Top Tobacco, L.P. v. Good Times USA, LLC*, 2017 WL 395698, at *4 (N.D. Ill., 2017) (internal citation omitted) (explaining requirements for estoppel defense); *Estate of Darger v. Lerner*, 2023 WL 5277886, at *2 (N.D. Ill., 2023) (quoting *Int'l Union, Allied Indus. Workers of Am., v. Local Union No. 589, Allied Indus. Workers of Am.*, 693 F.2d 666, 672 (7th Cir. 1982)) (explaining requirements for unclean hands defense).

Because Defendant's Ninth Defense fails to address any of the elements of the equitable defenses raised, let alone specify which ones Defendant is asserting, the Ninth Defense should be stricken.

## **CONCLUSION**

For the reasons stated herein, Glitch respectfully requests that the affirmative defenses raised in Defendant's Answer [34] be stricken.

Dated this 4th day of June 2025.            Respectfully submitted,


                                                       /s/ Martin F. Trainor
                                                       Martin F. Trainor
                                                       Sydney Fenton
                                                       Alexander Whang
                                                       TME Law, P.C.
                                                       10 S. Riverside Plaza
                                                       Suite 875
                                                       Chicago, Illinois 60606
                                                       708.475.1127
                                                       martin@tme-law.com
                                                       sydney@tme-law.com
                                                       alex@tme-law.com

                                                       *Counsel for Plaintiff Glitch Productions Pty Ltd*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of June 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to all attorneys of record in this case.

<div style="margin-left:40%;">

/s/ Martin F. Trainor
Martin F. Trainor
Sydney Fenton
Alexander Whang
TME Law, P.C.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
708.475.1127
martin@tme-law.com
sydney@tme-law.com
alex@tme-law.com

*Counsel for Plaintiff Glitch Productions Pty Ltd*

</div>